1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HEBERT SCHENK P.C.**
**4742 North 24th Street, Suite 100**
**Phoenix, Arizona  85016**
**Telephone:  (602) 248-8203**
**Facsimile:  (602) 248-8840**
**E-mail:  jas@hs-law.com**
**Joseph A. Schenk – 009260**
Attorneys for Plaintiff

**TIFFANY & BOSCO, P.A.**
**Third  Floor Camelback Esplanade II**
**2525 East Camelback Road**
**Phoenix, Arizona 85016-4237**
**Telephone: (602) 255-6000**
**Facsimile:  (602) 255-0103**
**E-mail:  reo@tblaw.com**
**Richard E. Oney – 009235**
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MAGNA-RX, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>HYMAN SLEPICOFF and HEDY SLEPICOFF, husband and wife; WOW ENTERPRISES, INC., an Arizona corporation; RCP CORPORATION, an Arizona corporation; HYMAN AND HEDY SLEPICOFF REVOCABLE LIVING TRUST; JENCO INDUSTRIES, INC., a California corporation; TREZCO, INC., a California corporation; SHERCO, L.L.C., a California limited liability company; HERBAL GROUPS, INC., a California corporation; JOHN AMSLOW, INC., a California corporation; HAYDEN-MEDICAL, L.L.C., an Arizona limited liability company; ANSWERNOW, INC., an Arizona corporation; MERIT SALES, INC., a California corporation; HAROLD ALLEN; AMY CHEN; TROY D. HOLLEY; JASON KLEINER; JEREMY LAMBERT; KELLIE LEIGHTON; SHERYL REGAN; ROBERT SEFARADI; DANIEL SHAW; ALLEN SIMCO; OLYA KORNBAU; HEALTH10.COM, INC., a Florida corporation; LEADING EDGE MARKETING, a Colorado limited liability company; INNOVATIVE NUTRACEUTICALS CORP, a Florida Corporation; INTELA MARKETING, LLC, a Florida limited liability company; NETWORK SOLUTIONS, LLC, a Delaware | Case No. CV 05-3545-PHX-EHC<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Trademark Infringement;**<br>**Unfair Competition; Violation of**<br>**Lanham Act; Breach of Contract;**<br>**Breach of Fiduciary Duty; Conversion;**<br>**Aiding and Abetting Tortious Conduct;**<br>**and Copyright Infringement)** |

1    limited liability company; NICE PRICE USA,
INC., a New York Corporation; AMAZON.COM,
2    INC., a Delaware corporation; ES ONLINE, INC.,
a New York corporation; DYNAMIC BRIDGE
3    INC., a California corporation; UNLIMITED
STANDARDS, INC., a California corporation,

4

                 Defendants.

5
---

6    HYMAN SLEPICOFF and HEDY SLEPICOFF,
husband and wife; WOW ENTERPRISES, INC.,
7    an Arizona corporation; RCP CORPORATION,
an Arizona corporation; HYMAN AND HEDY
8    SLEPICOFF REVOCABLE LIVING TRUST,

9                  Counterclaimants,

10   v.

11   MAGNA-RX, INC., a California corporation;
MAGNA-RX NUTRITION, INC., an Arizona
12   corporation; WESTERN RESEARCH 3000,
INC., a California corporation; STEVE
13   MOIDEL and GAYLE MOIDEL, husband and
wife; WATERBLUE, LTD., a Nevis
14   corporation, SANDOLLAR INSURANCE
COMPANY, LTD., a Nevis corporation; and
15   BRUCE LOVE and JANET LOVE, husband
and wife,

16

17                Counterdefendants.

18       For its First Amended Complaint, Magna-RX, Inc. alleges the following:

19                    **PARTIES AND JURISDICTION**

20       1.       This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28

21   U.S.C. § 1338(a) in that this case arises under the Trademark Laws of the United States, 15

22   U.S.C. § 1051 et seq. and under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) in that this case

23   arises under the Copyright Laws of the United States.

24       2.       This Court has jurisdiction over the unfair competition claims asserted herein

25   under the provisions of 28 U.S.C. § 1338(b) in that the claims are joined with a substantial

26   and related claim under the Trademark Laws of the United States and the Copyright Laws of

27   the United States.

28

3.     This Court also has pendent jurisdiction over the state law claims asserted herein in that they arise out of a common nucleus of operative fact with plaintiff's federal claims.

4.     Plaintiff Magna-RX, Inc. is a California corporation that is authorized to conduct business in the State of Arizona under the name Magna-RX Nutrition.

5.     Defendants Hyman Slepicoff and Hedy Slepicoff are husband and wife and are residents of Maricopa County, Arizona.   Upon information and belief, all actions of defendant Hyman Slepicoff ("Slepicoff") alleged herein were on behalf of his marital community.

6.     Defendant WOW Enterprises, Inc. ("WOW") is an Arizona corporation that has its principal place of business located in Maricopa County, Arizona.  Upon information and belief, WOW has conducted business under numerous fictitious names, both registered and unregistered, including but not necessarily limited to the following:   Magna-RX Products, Bristol Medical, Madison Medical, New Horizons Mail Orders, Right Choice Pharmacy, Right Choice Laboratories, Samsade Sales, and Health Solutions.

7.     Defendant RCP Corporation ("RCP") is an Arizona corporation that has its principal place of business located in Maricopa County, Arizona.  Upon information and belief, RCP has conducted business under numerous fictitious names, both registered and unregistered, including but not necessarily limited to the following:  Right Choice Pharmacy, Right Choice Laboratories, and Western Research Pharmacals.

8.     Defendant Hyman and Hedy Slepicoff Revocable Living Trust (the "Slepicoff Trust") is a revocable Arizona Trust that is principally located in Maricopa County, Arizona. Upon information and belief, the Slepicoffs are the settlers, trustees, and principal beneficiaries of the Slepicoff Trust.

9.     Defendant Jenco Industries, Inc. ("Jenco") is a California corporation that has caused events to occur in the state of Arizona out of which this action arises.   Upon information and belief, Jenco conducts business under numerous fictitious names, including but not necessarily limited to Magna-RX Products, Jenco International, and Health Solutions.

S:\MagnaRX\2523801\Complaint-1Am.DOC

3

10.    Defendant Trezco, Inc. ("Trezco") is a California corporation that has caused events to occur in the state of Arizona out of which this action arises.  Upon information and belief, Trezco conducts business under numerous fictitious names, including Madison Medical, Bristol Medical, and Right Choice Pharmacy.

11.    Defendant Sherco L.L.C. ("Sherco") is a California limited liability company that has caused events to occur in the state of Arizona out of which this action arises.

12.    Defendant Merit Sales, Inc. ("Merit") is a California corporation that has caused events to occur in the state of Arizona out of which this action arises.  Upon information and belief, Merit conducts business under numerous fictitious names, including Santa Clarita Labs.

13.    Defendant Herbal Groups, Inc. ("Herbal Groups") is a California corporation that has caused events to occur in the state of Arizona out of which this action arises.  Upon information and belief, Herbal Groups conducts business under numerous fictitious names, including HG Pharmacy.

14.    Defendant John Amslow, Inc. ("Gem Products") is a California corporation that has caused events to occur in the state of Arizona out of which this action arises.  Upon information and belief, this defendant conducts business under numerous fictitious names, including Gem Products and Alliance Medical Group.

15.    Defendant Hayden-Medical, L.L.C. ("Hayden") is an Arizona Limited Liability Company that has its principal place of business located in Maricopa County, Arizona.

16.    Defendant Answernow, Inc. is an Arizona corporation that has its principal place of business located in Maricopa County, Arizona.

17.    Defendant Harold Allen ("Allen") is a resident of Maricopa County, Arizona.

18.    Defendant Amy Chen ("Chen") is a California resident who has caused events to occur in the State of Arizona out of which this action arises.  Upon information and belief, Chen has conducted business under numerous fictitious names, including Vitadigest.

19.    Defendant Troy D. Holley ("Holley") is a Texas resident who has caused events to occur in the State of Arizona out of which this action arises.

20.     Defendant Jason Kleiner ("Kleiner") is a New York resident who has caused events to occur in the State of Arizona out of which this action arises.

21.     Defendant Jeremy Lambert ("Lambert") is a Florida resident who has caused events to occur in the State of Arizona out of which this action arises.

22.     Defendant Kellie Leighton ("Leighton") is a Florida resident who has caused events to occur in the State of Arizona out of which this action arises.

23.     Defendant Sheryl Regan ("Regan") is a Nevada resident who has caused events to occur in the State of Arizona out of which this action arises. Upon information and belief, Regan has conducted business under numerous fictitious names, including Back to Nature Herbs & Vitamins.

24.     Defendant Robert Sefaradi ("Sefaradi") is a California resident who has caused events to occur in the State of Arizona out of which this action arises.

25.     Defendant Daniel Shaw ("Shaw") is a New Jersey resident who has caused events to occur in the State of Arizona out of which this action arises.

26.     Defendant Allen Simco ("Simco") is a Pennsylvania resident who has caused events to occur in the State of Arizona out of which this action arises. Upon information and belief, Simco has conducted business under numerous fictitious names, including CalComp Nutrition.

27.     Defendant Olya Kornbau ("Kornbau") is a Florida resident who has caused events to occur in the State of Arizona out of which this action arises.

28.     Defendant Health10.com, Inc. ("Health10") is a Florida corporation that has caused events to occur in the State of Arizona out of which this action arises.

29.     Defendant Leading Edge Marketing ("Leading Edge") is a Colorado limited liability company that has caused events to occur in the State of Arizona out of which this action arises.

30.     Defendant Innovative Nutraceuticals Corp ("Innovative") is a Florida corporation that has caused events to occur in the State of Arizona out of which this action arises.

S:\MagnaRX\2523801\Complaint-1Am.DOC

31.     Defendant Intela Marketing, LLC ("Intela Marketing") is a Florida limited liability company that has caused events to occur in the State of Arizona out of which this action arises.

32.     Defendant Network Solutions, LLC ("Network Solutions") is a Delaware limited liability company that has caused events to occur in the State of Arizona out of which this action arises.

33.     Defendant Nice Price USA, Inc. ("Nice Price") is a New York corporation that has caused events to occur in the State of Arizona out of which this action arises.

34.     Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation that has caused events to occur in the State of Arizona out of which this action arises.

35.     Defendant ES Online, Inc. ("ES Online") is a New York corporation that has caused events to occur in the State of Arizona out of which this action arises.

36.     Defendant Dynamic Bridge Inc. ("Dynamic Bridge") is a California corporation that has caused events to occur in the State of Arizona out of which this action arises.

37.     Defendant Unlimited Standards, Inc. ("Unlimited Standards") is a California corporation that has caused events to occur in the State of Arizona out of which this action arises.

## DEVELOPMENT OF THE MAGNA-RX+ PRODUCT

38.     Plaintiff Magna-RX, Inc. is the owner of the trademark MAGNA-RX+®, which is registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 under registration number 2836661.  The registration covers the use of the mark on herbal supplements for use in enhancing male sexual performance.  A copy of the registration is attached to this Complaint as Exhibit A.

39.     In the spring of 2001, Western Research 3000, Inc. ("WR3000"), a California corporation acting through its president Stephen Moidel ("Moidel"), came up with a concept for producing and marketing a specialty herbal supplement product designed to enhance male

S:\MagnaRX\2523801\Complaint-1Am.DOC

sexual performance.  The product developed by WR3000 ultimately came to be marketed under the MAGNA-RX+ trademark.

40.   On May 24, 2001, Moidel met with Slepicoff and Bruce Love, M.D. ("Dr. Love") to discuss the formation of a business that would market MAGNA-RX+ and other related products.  As a result of this meeting, an equal partnership was formed.  Moidel caused WR3000 to grant a license for the product concept and contributed his advertising expertise, Dr. Love used his contacts in the medical profession to provide product testing and endorsements, and Slepicoff contributed his existing infrastructure for conducting a mail order business.

41.   The Magna-RX partnership formed in May of 2001 completed the necessary preparations and began actively marketing MAGNA-RX+ product in August of 2001.

42.   WOW and RCP are wholly owned and managed by the Slepicoffs.

43.   On May 28, 2001, WOW registered the tradename "Right Choice Pharmacy" with the Arizona Secretary of State's office.  In November of 2001, Slepicoff formed RCP as a separate corporation and caused WOW to assign the tradename Right Choice Pharmacy to RCP.

44.   As a matter of "expediency", Slepicoff used WOW and RCP indiscriminately to conduct business on behalf of the Magna-RX partnership.

45.   Among other things, Slepicoff used WOW to place orders for products and advertising on behalf of the partnership, to process customer orders and receive payments, and to pay creditors.  In addition, both RCP and WOW were used to hold partnership funds and to make interim distributions to the three partners or their assignees.

46.   Beginning in approximately 2002, Slepicoff arranged to hire defendants Jenco, Trezco, and Sherco to provide warehousing, order fulfillment, and related services on behalf of the Magna-RX partnership.

47.   Upon information and belief, Slepicoff and/or WOW also had a profit-sharing relationship with Jenco, Trezco, Sherco, and Merit Sales that was not disclosed to the other partners in the Magna-RX partnership.  Upon information and belief, these companies were

S:\MagnaRX\2523801\Complaint-1Am.DOC

used as fronts by Slepicoff to conceal his personal involvement in the use of adult mailings to promote the sale of MAGNA-RX+ and Related Products and to "park" partnership funds in order to minimize his personal tax liability.

48.     By March of 2004, Dr. Love and Moidel had become concerned about the fact that no formal documentation of their partnership interest existed.  In response to these concerns, Slepicoff formed Magna-RX, Inc., an Arizona corporation ("Magna-AZ"), in March of 2004.  Although Slepicoff repeatedly stated that Magna-AZ was to be owned equally by the three Magna-RX partners, no stock was actually issued by the corporation.

49.     In approximately June of 2004, Slepicoff notified Moidel and Dr. Love that he wished to be less involved in the day-to-day operations of the Magna-RX partnership and suggested that Moidel assume those responsibilities.  In furtherance of this stated objective, Slepicoff arranged to have his accountant form plaintiff Magna-RX, Inc.

50.     At Slepicoff's request, one-third of the stock in plaintiff Magna-RX, Inc. was issued in the name of the Slepicoff Trust.

51.     Since August of 2004, plaintiff Magna-RX, Inc. has been solely responsible for conducting business on behalf of the Magna-RX partnership.

## REGISTRATION OF THE MAGNA-RX+® TRADEMARK

52.     In addition to developing the concept and product name that ultimately became the MAGNA-RX+ product, WR3000 also provided the original ad copy, the photographic art used in the ads, arranged to have a UPC code registered for the product, and placed all of the original advertisements that appeared in August of 2001.

53.     Although WR3000 had granted a license to the Magna-RX partnership to market MAGNA-RX+ product, it retained the intellectual property rights associated with the product and duly filed the appropriate paperwork to register the trademark in June of 2003.

54.     WR3000 retained ownership of the MAGNA-RX+ trademark until plaintiff Magna-RX, Inc. was formed in July of 2004, at which time WR3000 initiated the steps necessary to assign the MAGNA-RX+ trademark to the plaintiff.

## PLAINTIFF'S DISCOVERY OF UNAUTHORIZED SALES

55.     After taking over the day-to-day management of the Magna-RX partnership in August of 2004, Magna-RX, Inc. discovered several print ads and Internet sites that were purporting to sell MAGNA-RX+ and other products belonging to the partnership, including but not limited to, Alpha Male Plus, Magna-RX HGH+, Magna-RX Transdermal, TRX, XTend, XCel Patch, Magna-RX Patch, V-Patch, Fem-Sations, Wild Stallion, Control, Activator, Sativol, Power Pills, Power Plus, Marathon 21, Femtrex, Ignite RX, Lava, Motivator, Activ-OTC, Extracor, and Concentrate 1000 (the "Related Products"), even though there was no evidence that the advertisers had ever purchased significant amounts of product.

56.     After taking over the Management of the Magna-RX partnership, Magna-RX, Inc. initially continued to use Jenco for warehousing and order fulfillment services.   In December of 2004, the employees of Magna-RX, Inc. conducted a year-end inventory at Jenco's warehouse and discovered that approximately 60,000 bottles of MAGNA-RX+ product were missing and unaccounted for.

57.     Upon further investigation, Magna-RX, Inc. discovered that many of the unauthorized MAGNA-RX+ product ads were being run, either directly or under fictitious names, by defendants WOW, Jenco, Trezco, Sherco, Merit, Herbal Groups, Gem Products, Hayden, Allen, Chen, Holley, Kleiner, Lambert, Leighton, Regan, Sefaradi, Shaw, Simco, Kornbau, Health 10, Leading Edge, Innovative, Intela Marketing, Network Solutions, Nice Price, Amazon.com, ES Online, Dynamic Bridge and Unlimited Standards (collectively, the "Infringing Defendants").

58.     Upon information and belief, Slepicoff has been using his contacts through WOW and RCP to acquire MAGNA-RX+ and other Related Products belonging to the Magna-RX partnership directly from the manufacturer and has been reselling the products to the Infringing Defendants for a profit, has been sharing in the proceeds of the resale of products through an undocumented equity-sharing arrangement, and/or has been using the

Infringing Defendants as "fronts" through which he has sold products without accounting for the proceeds to Magna-RX, Inc.

59.     Answernow is under contract with Magna-RX, Inc. to provide telephone answering and order-taking services. Without plaintiff's knowledge, Answernow has also contracted with WOW and/or Slepicoff to provide the same services with respect to their unauthorized sales of MAGNA-RX+ and Related Products.

60.     Upon information and belief, Answernow has charged plaintiff for services that were actually provided to WOW or Slepicoff.

61.     When confronted with these unauthorized advertisements and marketing efforts, Slepicoff has acknowledged his involvement and has asserted that he has the right to sell MAGNA-RX+ and the Related Products in direct competition with Magna-RX, Inc.

## COUNT I

### (Breach of Contract)

62.     Plaintiff Magna-RX, Inc. hereby incorporates by reference the allegations contained in paragraphs 1-62 of the First Amended Complaint to the same extent as if they were fully restated herein.

63.     In approximately July of 2004, Slepicoff, acting on behalf of himself, the Slepicoff Trust, RCP, and WOW, entered into a contract with Magna-RX, Inc. pursuant to which he agreed to assign to Magna-RX, Inc. all of his rights and interest in the Magna-RX partnership, including any rights to use the MAGNA-RX+ trademark and to market MAGNA-RX+ product or other partnership products, in exchange for receiving one-third of the stock in Magna-RX, Inc.

64.     Magna-RX, Inc. performed all of its obligations under this agreement by causing one-third of its corporate stock to be issued in the name of Slepicoff's nominee, the Slepicoff Trust.

65.     Slepicoff has materially breached his contractual obligations to Magna-RX, Inc. by, among other things, continuing to market MAGNA-RX+ and the Related Products in

S:\MagnaRX\2523801\Complaint-1Am.DOC

1   direct competition with Magna-RX, Inc., entering into undisclosed partnerships or equity-

2   sharing arrangements with other parties to market MAGNA-RX+ product and Related

3   Products in direct competition with Magna-RX, Inc., and continuing to assert a right to

4   market MAGNA-RX+ and the Related Products on his own behalf or in conjunction with

5   other parties.

6          66.     Answernow has materially breached its contractual obligations to Magna-RX,

7   Inc. by, among other things, charging thousands of dollars for services that were not provided

8   or that were actually provided to WOW, RCP, and Slepicoff instead.

9          67.     Magna-RX, Inc. has been damaged as a direct and proximate result of

10  defendants' breach of contract.

11         68.     This action arises out of contract, and Magna-RX, Inc. is therefore entitled to

12  recover its reasonable attorneys' fees pursuant to A.R.S. § 12.341.01.

13         WHEREFORE, plaintiff Magna-RX, Inc. prays for judgment against the Slepicoffs,

14  the Slepicoff Trust, and Answernow as follows:

15         a.    For compensatory damages in an amount to be proven at
                 trial;
16

17         b.    For pre- and post-judgment interest on the foregoing sum
                 at the highest rate permitted by law;
           c.    In the alternative, for an order rescinding the contractual
18               agreement and awarding Magna-RX, Inc. restitution of its
                 corporate stock, as well as any other benefits that it has
19               conferred on defendants as a result of the Agreement;

20         d.    For an award of the costs incurred in pursuing this action,
                 including reasonable attorneys' fees;
21

22         e.    For all other relief deemed proper by the Court under the
                 circumstances.
23

24                                **COUNT II**

25                        **(Breach of Fiduciary Duty)**

26         69.     Plaintiff Magna-RX, Inc. hereby incorporates by reference the allegations

27  contained in paragraphs 1-69 of the First Amended Complaint to the same extent as if they

28  were fully restated herein.

S:\MagnaRX\2523801\Complaint-1Am.DOC

70.     As a partner in the Magna-RX partnership and as one of three owners in a closely-held corporation, Slepicoff and the Slepicoff Trust owe a fiduciary duty to Magna-RX, Inc. and its other shareholders.

71.     Slepicoff and the Slepicoff Trust have breached their fiduciary duty by, among other things, selling MAGNA-RX+ and Related Products in direct competition with Magna-RX, Inc., usurping corporate opportunities for their personal benefit, misappropriating corporate assets, and diluting the value of Magna-RX, Inc.'s intellectual property through misuse.

72.     As a direct and proximate result of defendants' breaches of fiduciary duty. Magna-RX, Inc. has lost lucrative contracts and sales and has suffered damages amounting to millions of dollars.

73.     Upon information and belief, defendants Slepicoff and the Slepicoff Trust have acted maliciously and with an actual intent to cause economic harm to Magna-RX, Inc., thereby justifying an award of punitive damages.

WHEREFORE, plaintiff Magna-RX, Inc. prays for judgment against the Slepicoffs and the Slepicoff Trust as follows:

a.     For compensatory damages in an amount to be proven at trial;

b.     For pre- and post-judgment interest on the foregoing sum at the highest rate permitted by law;

c.     For punitive damages in an amount sufficient to punish defendants for their wrongful conduct and to deter others from engaging in similar conduct in the future;

d.     For the costs incurred in pursuing this action, including reasonable attorneys' fees; and

e.     For all other relief deemed proper by the Court under the circumstances.

/   /   /

/   /   /

/   /   /

S:\MagnaRX\2523801\Complaint-1Am.DOC

## COUNT III

### (Conversion)

74.     Plaintiff Magna-RX, Inc. hereby incorporates by reference the allegations contained in paragraphs 1-74 of the First Amended Complaint to the same extent as if they were fully restated herein.

75.     Upon information and belief, defendants Jenco, Trezco, Sherco, Slepicoff and WOW have exercised dominion and control over property belonging to Magna-RX, Inc. including, but not necessarily limited to, at least 60,000 bottles of MAGNA-RX+ product, unknown quantities of Attractant 1000 and other herbal products paid for by Magna-RX, Inc., prepaid postage from a postal meter machine, intellectual property belonging to Magna-RX, Inc. (including the MAGNA-RX+ trademark, advertising copy, and photographic images), and mailing lists.

76.     Defendants have refused to return this property to Magna-RX, Inc. upon demand, and their actions therefore constitute a conversion.

77.     Magna-RX, Inc. has been damaged as a direct and proximate result of defendants' conversion.

78.     Upon information and belief, defendants have acted maliciously and with an actual intent to cause economic harm to Magna-RX, Inc., thereby justifying an award of punitive damages.

WHEREFORE, plaintiff Magna-RX, Inc. prays for judgment against defendants Jenco, Trezco, Sherco, Slepicoff and WOW as follows:

   a.     For compensatory damages in an amount to be proven at trial;

   b.     For pre- and post-judgment interest on the foregoing sum at the highest rate permitted by law;

   c.     For punitive damages in an amount sufficient to punish defendants for their wrongful conduct and to deter others from engaging in similar conduct in the future;

   d.     For the costs incurred in pursuing this action, including reasonable attorneys' fees; and

e.    For all other relief deemed proper by the Court under the circumstances.

## COUNT IV

### (Infringement of Federally-Registered Trademark)

79.    Plaintiff Magna-RX, Inc. hereby incorporates by reference the allegations contained in paragraphs 1-79 of the First Amended Complaint to the same extent as if they were fully restated herein.

80.    Beginning in August of 2001, WR3000 adopted the mark MAGNA-RX+® (the "Mark") and licensed it to the Magna-RX partnership for use in interstate commerce for a type of specialty herbal supplement.

81.    On June 13, 2003, WR3000 filed an Application for Registration of the Mark in the United States Patent and Trademark Office.  On April 27, 2004, the Mark was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 covering the use of the Mark on herbal supplements.  A copy of the registration is attached to this Complaint as Exhibit A.

82.    The registration was validly assigned by WR3000 to plaintiff Magna-RX, Inc. by means of a written Assignment dated November 9, 2004.  The Assignment was recorded in the United States Patent and Trademark Office, and plaintiff continues to be the owner of the U.S. Trademark Registration.

83.    Continuously since August of 2001, plaintiff Magna-RX, Inc. and its predecessor in interest have used the MAGNA-RX+ mark to identify a specialty herbal supplement product and to distinguish it from those products made and sold by others by, among other things, prominently displaying the MAGNA-RX+ mark on the containers and on the displays associated therewith.  In addition, plaintiff has prominently displayed the Mark on store displays, in direct mail advertising, in periodicals distributed throughout the United States, and on the Internet.

84.    The Infringing Defendants, and each of them, have infringed plaintiff's Mark in interstate commerce by various acts, including selling, offering for sale, and advertising

S:\MagnaRX\2523801\Complaint-1Am.DOC

herbal supplement products under the name and mark MAGNA-RX+.  The use of the name and Mark by the Infringing Defendants was without permission or authority of plaintiff, and the use by defendants is likely to cause confusion, to cause mistake, and to deceive.

85.    The Infringing Defendants' acts of trademark infringement and their unfair competition have been committed with the intent to cause confusion, mistake, and to deceive.

86.    Since on or about May 24, 2004, plaintiff and its predecessor in interest have given notice that the Mark is registered in the United States Patent and Trademark Office by displaying with the Mark the letter R enclosed within a circle.  Plaintiff has requested the Infringing Defendants to cease and desist from their acts of trademark infringement and has given the defendants actual notice of plaintiff's registration, but defendants have refused to cease such acts.

87.    By reason of defendants' acts as alleged herein, plaintiff Magna-RX, Inc. has and will suffer damage to its business, reputation and goodwill and will suffer the loss of millions of dollars in sales and profits that plaintiff would have made but for defendants' acts.

88.    The Infringing Defendants threaten to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to plaintiff's irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford plaintiff Magna-RX, Inc. adequate relief for such continuing acts and a multiplicity of judicial proceedings would be required.   Plaintiff's remedy at law is not adequate to compensate it for the threatened injuries.

WHEREFORE, plaintiff Magna-RX, Inc. prays for judgment against defendants Slepicoff, WOW, Jenco, Trezco, Sherco, Merit, Herbal Groups, Gem Products, Hayden, Allen, Chen, Holley, Kleiner, Lambert, Leighton, Regan, Sefaradi, Shaw, Simco, Kornbau, Health 10, Leading Edge, Innovative, Intela Marketing, Network Solutions, Nice Price, Amazon.com, ES Online, Dynamic Bridge and Unlimited Standards, and each of them, as follows:

S:\MagnaRX\2523801\Complaint-1Am.DOC

a.   That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining defendants and their agents, servants and employees from directly or indirectly using the name MAGNA-RX+ or any other mark, word, or name similar to plaintiff's Mark which is likely to cause confusion, mistake or to deceive;

b.   That this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendants bearing the mark MAGNA-RX+ product and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed;

c.   That defendants be required to account to plaintiff for any and all profits derived by defendants from the sale of their goods and for all damages sustained by plaintiff by reason of the acts of infringement and unfair competition complained of herein;

d.   For an award of punitive damages against defendants in an amount sufficient to punish defendants for their wrongful conduct and to deter others from engaging in similar conduct in the future;

e.   For an award of the costs incurred by plaintiff in pursuing this action, including reasonable attorneys' fees; and

f.   For all other relief deemed proper by the Court under the circumstances.

## COUNT V

### (Unfair Competition By Infringement Of Common-Law Rights)

89.   Plaintiff Magna-RX, Inc. hereby incorporates by reference the allegations contained in paragraphs 1-89 of the First Amended Complaint to the same extent as if they were fully restated herein.

90.   The acts of the Infringing Defendants constitute unfair competition and an infringement of plaintiff's common-law rights in the MAGNA-RX+ mark.

91.   Continuously since August of 2001, plaintiff and its predecessor in interest have used the MAGNA-RX+ mark to identify their products and to distinguish them from those products made and sold by others, by, among other things, prominently displaying the MAGNA-RX+ mark on the containers and displays associated with the product. In addition,

S:\MagnaRX\2523801\Complaint-1Am.DOC

1   plaintiff has displayed the MAGNA-RX+ mark on store displays, in direct mail advertising,

2   on television, on the Internet, and in periodicals distributed throughout the United States.

3       92.    The goods and advertising have been distributed in the trade area where

4   defendants are doing business. As a result of the sales and advertising by plaintiff under the

5   MAGNA-RX+ mark, the mark has developed and now has a secondary and distinctive

6   trademark meaning to purchasers in defendants' trade area. The MAGNA-RX+ mark has

7   come to indicate to the purchasers a meaning of herbal supplements originating only with

8   plaintiff Magna-RX, Inc.

9       93.    As a result of the association by purchasers of the MAGNA-RX+ mark with

10  the plaintiff, defendants' use of the MAGNA-RX+ mark in the name of MAGNA-RX+$^{®}$ is

11  likely to cause confusion on the part of consumers.

12      94.    Defendants have infringed plaintiff's the MAGNA-RX+ mark as alleged herein

13  with the intent to deceive the public into believing that goods sold by defendants are made

14  by, approved by, sponsored by, or affiliated with plaintiff Magna-RX, Inc. Defendants' acts

15  as alleged herein were committed with the intent to pass off defendants' goods as the goods

16  of plaintiff and with the intent to deceive and defraud the public.

17      95.    By reason of defendants' acts as alleged herein, plaintiff Magna-RX, Inc. has

18  and will suffer damage to its business, reputation, and goodwill and in the loss of sales and

19  profits that plaintiff would have made but for defendants' acts.

20      96.    Defendants threaten to continue to do the acts complained of herein, and unless

21  restrained and enjoined, will continue to do so, all to plaintiff's irreparable damage. It would

22  be difficult to ascertain the amount of compensation which could afford plaintiff Magna-RX,

23  Inc. adequate relief for such continuing acts, and a multiplicity of judicial proceedings would

24  be required. Plaintiff's remedy at law is not adequate to compensate it for the threatened

25  injuries.

26      WHEREFORE, plaintiff Magna-RX, Inc. prays for judgment against defendants

27  Slepicoff, WOW, Jenco, Trezco, Sherco, Merit, Herbal Groups, Gem Products, Hayden,

28  Allen, Chen, Holley, Kleiner, Lambert, Leighton, Regan, Sefaradi, Shaw, Simco, Kornbau,

S:\MagnaRX\2523801\Complaint-1Am.DOC

Health 10, Leading Edge, Innovative, Intela Marketing, Network Solutions, Nice Price, Amazon.com, ES Online, Dynamic Bridge and Unlimited Standards, and each of them, as follows:

      a.     That this Court grant an injunction enjoining and restraining defendants and their agents, servants and employees from (1) directly or indirectly using the words MAGNA-RX+ or any other mark, word, or name similar to plaintiff's Mark which is likely to cause confusion, and (2) continuing any and all acts of unfair competition as herein alleged;

      b.     That defendants be required to account to plaintiff for any and all profits derived by defendants from the sale of its goods and for all damages sustained by plaintiff by reason of the acts of infringement and unfair competition complained of herein;

      c.     For an award of punitive damages in an amount sufficient to punish defendants for their wrongful conduct and to deter others from engaging in similar conduct in the future;

      d.     For an award of the costs incurred by plaintiff in pursuing this action, including reasonable attorneys' fees; and

      e.     For all other relief deemed proper by the Court under the circumstances.

## COUNT VI

### (Violation of Lanham Act)

97.    Plaintiff Magna-RX, Inc. hereby incorporates by reference the allegations contained in paragraphs 1-97 of the First Amended Complaint to the same extent as if they were fully restated herein.

98.    The Infringing Defendants have caused herbal supplements to enter into interstate commerce with the designation and representation MAGNA-RX+ connected therewith. The use of MAGNA-RX+ is a false designation of origin which is likely to cause confusion, to cause mistake, and deceive as to the affiliation, connection or association of defendants with plaintiff and as to the origin, sponsorship, or approval of such herbal supplements by plaintiff.

S:\MagnaRX\2523801\Complaint-1Am.DOC

99.     These acts are in violation of 15 U.S.C. § 1125(a), in that defendants have used in connection with goods and services a false designation of origin, a false or misleading description, and representations of fact which are likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of defendants with plaintiff and as to the origin, sponsorship, and approval of defendants' goods, services and commercial activities by plaintiff.

100.    By reason of defendants' acts as alleged herein, plaintiff Magna-RX, Inc. has and will suffer damage to its business, reputation and goodwill and the loss of sales and profits plaintiff would have made but for defendants' acts.

WHEREFORE, plaintiff Magna-RX, Inc. prays for judgment against defendants Slepicoff, WOW, Jenco, Trezco, Sherco, Merit, Herbal Groups, Gem Products, Hayden, Allen, Chen, Holley, Kleiner, Lambert, Leighton, Regan, Sefaradi, Shaw, Simco, Kornbau, Health 10, Leading Edge, Innovative, Intela Marketing, Network Solutions, Nice Price, Amazon.com, ES Online, Dynamic Bridge and Unlimited Standards, and each of them, as follows:

     a.    For an award of treble the amount of actual damages suffered by plaintiff pursuant to Section 43(a) of the Lanham Act;

     b.    For an award of punitive damages in an amount sufficient to punish defendants for their wrongful conduct and to deter others from engaging in similar conduct in the future;

     c.    For an award of the costs incurred in pursuing this action, including reasonable attorneys' fees;

     d.    For all other relief deemed proper by the Court under the circumstances.

## COUNT VII

### (Aiding and Abetting)

101.    Plaintiff Magna-RX, Inc. hereby incorporates by reference the allegations contained in paragraphs 1-101 of the First Amended Complaint to the same extent as if they were fully restated herein.

102.   Defendants, and each of them, have aided and abetted Slepicoff's breaches of fiduciary duty, trademark infringement, conversion, and other tortious conduct by, among other things, (a) committing a tortious act in concert with Slepicoff or pursuant to a common design with him, (b) knowingly giving substantial assistance or encouragement to Slepicoff with respect to his tortious conduct; or (c) giving substantial assistance while committing trademark infringement and/or other tortious conduct of its own.

103.   As a result of having aided and abetted, Slepicoff's tortious acts, defendants are jointly and severally reliable for all damages suffered by Magna-Rx, Inc. as a direct and proximate result of the tortious conduct of Slepicoff and/or WOW

WHEREFORE, plaintiff Magna-RX, Inc. prays for judgment against defendants as follows:

a.   For compensatory damages in an amount to be proven at trial;

b.   For pre- and post-judgment interest on the forgoing sum at the highest rate permitted by law;

c.   For punitive damages in an amount sufficient to punish defendants for their wrongful conduct and to deter others from engaging in similar conduct in the future;

d.   For the costs incurred in pursuing this action, including reasonable attorneys fees; and

e.   For all other relief deemed proper by the Court under the circumstances.

## COUNT VIII

### (Copyright Infringement)

104.   Plaintiff Magna-RX, Inc. hereby incorporates by reference the allegations contained in paragraphs 1-104 of the First Amended Complaint to the same extent as if they were fully restated herein.

105.   In or about May of 2001, Moidel, as the hiring party, engaged LexThor, Inc., dba Studio 1435, Dean Keefer and Keith Munyan (collectively, the "Photographer") to assist Moidel in taking certain photographs to be used in advertising and labels for MAGNA-RX+

S:\MagnaRX\2523801\Complaint-1Am.DOC

1  product. These photographs included, among others, the Magna-RX Ad Couple photograph,
2  the Magna-RX Ad Couple 2 photograph and the Magna-RX Label Couple photograph. A
3  copy of the Magna-RX Ad Couple photograph is attached to this Complaint as part of
4  Exhibit B. A copy of the Magna-RX Ad Couple 2 photograph is attached to this Complaint
5  as part of Exhibit C. A copy of the Magna-RX Label Couple photograph is attached to this
6  Complaint as part of Exhibit D.

7  106.  Each of the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX
8  Label Couple photographs is an original work of authorship and includes material that is
9  copyrightable subject matter under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.*

10  107.  Pursuant to Moidel's agreement with the Photographer and 17 U.S.C. § 102,
11  Moidel became the owner of all right, title and interest in and to the copyrights in the Magna-
12  RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works.

13  108.  Moidel thereafter assigned to Magna-RX, Inc. all right, title and interest in and
14  to the copyrights in the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX
15  Label Couple works. Magna-RX, Inc. presently is the owner of all right, title and interest in
16  and to the copyrights in the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX
17  Label Couple works.

18  109.  Moidel and Magna-RX, Inc. have complied in all respects with the United
19  States Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and all other laws governing copyright and
20  secured the exclusive rights and privileges in and to the copyrights of the Magna-RX Ad
21  Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works.

22  110.  Magna-RX, Inc. has applied to the United States Register of Copyrights for
23  registration of the copyrights in each of the Magna-RX Ad Couple work, the Magna-RX Ad
24  Couple 2 work and the Magna-RX Label Couple work. On or about October 11, 2005, the
25  Register of Copyrights received the applications for registration.  Copies of completed
26  copyright registration applications filed with the Registrar of Copyrights for these works are
27  attached to this Complaint as Exhibits B, C and D, respectively. On information and belief,
28  these copyright registration applications have been approved by the Registrar of Copyrights.

S:\MagnaRX\2523801\Complaint-1Am.DOC

111.    At no time has Magna-RX, Inc. transferred to any of the Defendants or licensed to any of the Defendants any rights in the copyrights to any of the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works.

112.    The Infringing Defendants, and each of them, have copied and used on or more of the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works in connection with their unauthorized advertising and sales of MAGNA-RX+ product as set forth in this Complaint.   This unauthorized copying and use includes reproducing and distributing copies of the copyrighted works on Internet websites, in printed publications and/or on labels of MAGNA-RX+ product.

113.    The Infringing Defendants' copying and use of on or more of the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works infringes Magna-RX, Inc.'s copyrights in those works under 17 U.S.C. §§ 106 and 501.

114.    Magna-RX, Inc. has notified the Infringing Defendants that they have infringed Magna-RX's copyrights, and the Infringing Defendants continue to infringe the copyrights in the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works.

115.    Magna-RX, Inc. has been damaged and continues to be damaged by the Infringing Defendants' copyright infringement in an amount presently unknown but to be determined at trial and Plaintiff continues to suffer irreparable injury.

WHEREFORE, plaintiff Magna-RX, Inc. prays for judgment against Defendants as follows:

  a. For Preliminary and Permanent Injunction restraining Defendants, their employees, agents and representatives from infringing Magna-RX, Inc.'s copyrights in the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works;

  b. For an order requiring Defendants to deliver up to be impounded during the pendency of this action all materials in Defendants' possession, custody or control, that include or incorporate infringing copies of the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works;

  c. For compensatory damages in an amount to be proven at trial;

d.    For all gains, profits and advantages derived by Defendants by their infringement of the copyrights in the Magna-RX Ad Couple, Magna-RX Ad Couple 2 and Magna-RX Label Couple works;

e.    For punitive damages in an amount sufficient to punish defendants for their wrongful conduct and to deter others from engaging in similar conduct in the future;

f.    For statutory damages as provided by law;

g.    For the costs incurred in pursuing this action, including reasonable attorneys fees, as provided by law;

h.    For pre- and post-judgment interest on the forgoing sum at the highest rate permitted by law; and

i.    For all other relief deemed proper by the Court under the circumstances.

DATED this 19th day of July, 2006.

HEBERT SCHENK P.C.

By  Joseph A. Schenk
     Joseph A. Schenk
     Shawn K. Aiken
     4742 North 24th Street
     Suite 100
     Phoenix, Arizona 85016
          -and-
     Richard E. Oney
     TIFFANY & BOSCO, P.A
     Third Floor, Camelback Esplanade II
     2525 East Camelback Road
     Phoenix, AZ 85016-4237
          Attorneys for Plaintiff

S:\MagnaRX\2523801\Complaint-1Am.DOC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2006, I electronically transmitted this **FIRST AMENDED COMPLAINT** with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard E. Oney
TIFFANY & BOSCO, P.A.
 Attorneys for Plaintiff
REO@tblaw.com, LAL@tblaw.com,
RSG@tblaw.com

Jay P. Rosenthal / Elizabeth Hall
JONES, SKELTON & HOCHULI, PLC
 Attorneys for Hyman and Hedy Slepicoff,
 Hyman and Hedy Slepicoff Revocable Living
 Trust, WOW Enterprises, Inc. and RCP
 Corporation
jrosenthal@jshfirm.com,
sdauphin@jshfirm.com,
pmonaco@jshfirm.com

Allen B. Grodsky
Zachary Rothenberg
GRODSKY & OLECKI LLP
 Attorneys for Defendant Herbal Groups, Inc.
Allen@Grodsky-Olecki.com
zachary@grodsky-olecki.com, stacey@grodsky-olecki.com

Corey Winograd / Joel Winograd
WINOGRAD & WINOGRAD P.C.
 Attorneys for Jenco Industries, Inc. and
 Trezco, Inc.
winolaw@aol.com, mceesq@yahoo.com

Jerald S. Chesler
JERALD S. CHESLER, P.C.
 Attorneys for Sherco, LLC
jerry@jchesler.com

Patrick J. Dyer
WILSHIRE SCOTT & DYER P.C.
 Attorneys for Slimstore, L.L.C.
pdyer@wsd-law.com
mcastanon@wsd-law.com

Cory L. Broadbent
DOYLE – BEST, P.C.
4835 East Cactus Road, Suite 460
Scottsdale, Arizona 85254
 Attorneys for Defendant Darsell Enterprises

William J. Hudlow
4832 Park Glen Road
Minneapolis, MN 55416
 For John Amslow, Inc.

Harvey S. Brown
AYERS & BROWN, P.C.
 Attorneys for Defendant AnswerNow
hbrown@ayersbrownpc.com,
nmulholland@ayersbrownpc.com,
drohwer@ayersbrownpc.com
Jordan Meschkow
MESCHKOW & GRESHAM, P.L.C.
 Attorneys for Hyman and Hedy Slepicoff,
 Hyman and Hedy Slepicoff Revocable
 Living Trust, WOW Enterprises, Inc. and
 RCP Corporation
jm@patentmg.com,
mg@patentmg.com,
meschkow@cox.net

William Scott Jenkins
Jase Steinberg
MYERS & JENKINS, P.C.
 Attorneys for Defendant Herbal
 Groups, Inc.
wsj@mjlegal.com, ah@mjlegal.com,
ab@mjlegal.com

Walter Weiss / Margaret Mayfield
WALTER WEISS, A LAW
CORPORATION
 Attorney for Merit Sales
wwapt@earthlink.net

Christopher A. Doerfler
THE DOERFLER LAW FIRM
 Attorneys for Hayden-Medical, L.L.C.
chris@doerflerlaw.com

Robert J. Spurlock
BONNETT FAIRBOURN FRIEDMAN
 & BALINT P.C.
 Attorneys for Defendants Steve Chen,
 Virodyne Research, Ltd., and John Indellicate
bspurlock@bffb.com, dstanhope@bffb.com

Douglas A. Foss
HARRIS BEACH
The Granite Building
130 East Main Street
Rochester, NY 14604
 Attorneys for Quick2You, L.L.C.

_signature_