# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MAGNA-RX, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYMAN SLEPICOFF and HEDY SLEPICOFF, husband and wife; WOW ENTERPRISES, INC., an Arizona corporation; RCP CORPORATION, an Arizona corporation; HYMAN AND HEDY SLEPICOFF REVOCABLE LIVING TRUST; JENCO INDUSTRIES, INC., a California corporation; TREZCO, INC., a California corporation; SHERCO, L.L.C., a California limited liability company; HERBAL GROUPS, INC., a California corporation; JOHN AMSLOW, INC., a California corporation; HAYDEN-MEDICAL, L.L.C., an Arizona limited liability company; ANSWERNOW, INC., an Arizona corporation; MERIT SALES, INC., a California corporation; HAROLD ALLEN; AMY CHEN; TROY D. HOLLEY; JASON KLEINER; JEREMY LAMBERT; KELLIE LEIGHTON; SHERYL REGAN; ROBERT SEFARADI; DANIEL SHAW; ALLEN SIMCO; OLYA KORNBAU; HEALTH10.COM, INC., a Florida corporation; LEADING EDGE MARKETING, a Colorado limited liability company; INNOVATIVE NUTRACEUTICALS CORP, a Florida Corporation; INTELA MARKETING, LLC, a Florida limited liability company; NETWORK SOLUTIONS, LLC, a Delaware limited liability company; NICE PRICE USA, INC., a New York Corporation; AMAZON.COM, INC., a Delaware corporation; ES ONLINE, INC., a New York corporation; DYNAMIC BRIDGE INC., a California corporation; UNLIMITED STANDARDS, INC., a California corporation,<br><br>Defendants. | Case No. CV 05-3545-PHX-EHC<br><br>**FINAL CONSENT JUDGMENT AS TO DEFENDANT HERBAL GROUPS, INC.** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | HYMAN SLEPICOFF and HEDY SLEPICOFF, husband and wife; WOW ENTERPRISES, INC., an Arizona corporation; RCP CORPORATION, an Arizona corporation; HYMAN AND HEDY SLEPICOFF REVOCABLE LIVING TRUST,<br><br>　　　　　　　　　　　Counterclaimants,<br><br>v.<br><br>MAGNA-RX, INC., a California corporation; MAGNA-RX NUTRITION, INC., an Arizona corporation; WESTERN RESEARCH 3000, INC., a California corporation; STEVE MOIDEL and GAYLE MOIDEL, husband and wife; WATERBLUE, LTD., a Nevis corporation, SANDOLLAR INSURANCE COMPANY, LTD., a Nevis corporation; and BRUCE LOVE and JANET LOVE, husband and wife,<br><br>　　　　　　　　　　　Counterdefendants. |

Upon the consent and agreement of Plaintiff Magna-RX, Inc. and Defendant Herbal Groups, Inc. ("Defendant") to the entry of a Final Consent Judgment, and the Court being fully and sufficiently advised in the premises:

**WHEREAS**, Magna-RX contends in its Amended Complaint that Defendant committed trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and common law unfair competition under the laws of the State of Arizona, and copyright infringement under the Copyright Laws of the United States, 17 U.S.C. §§ 101 *et seq.*, by advertising, distributing, selling and offering for sale herbal supplement for enhancing male sexual performance using Magna-RX, Inc.'s federally registered MAGNA RX+ mark and using Magna-RX's copyrighted images.

**WHEREAS**, Defendant recognizes and acknowledges the trademark rights of Magna-RX, Inc. in the mark MAGNA RX+ and the validity of Magna-RX Inc.'s copyrights in and to the copyrighted images.

**AND WHEREAS**, the Parties desire to finally settle and resolve any and all matters in dispute between them in relation to the above-captioned litigation.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Court has jurisdiction over the subject matter and the Parties to this action.

2.     Defendant, and each of its principals, officers, agents, servants and employees, as well as all other parties under its control, are hereby permanently enjoined from any further manufacture, advertising, marketing, distribution, selling, or offering for sale, any herbal supplement products embodying or using Magna-RX Inc.'s copyrighted images, and or other products embodying or using Magna-RX, Inc.'s images (the "MAGNA RX+ Herbal Supplement Products"), except as permitted in Paragraph 4.

3.     Defendant, and each of its principals, officers, agents, servants and employees, as well as all other parties under its control, are hereby permanently enjoined from any further unlawful use of the mark MAGNA RX+, or a colorable imitation thereof, and from any further unlawful use of Magna-RX, Inc.'s trademarks, in connection with the manufacture, advertising, marketing, distribution, selling, or offering for sale, of any herbal supplement products for enhancing male sexual performance.  This prohibition, however, does not prevent Defendant from using such marks in a lawful manner.

4.     Notwithstanding paragraphs 2 and 3, Magna-RX, Inc. grants Defendant and each of its officers, agents, servants and employees, as well as all other parties acting on its behalf a limited license to sell MAGNA RX+ Herbal Supplement Products subject to the following conditions:

   a.     Defendant agrees that any purchases of Magna RX+® and the other products identified in Exhibit A will be exclusively from Magna-RX or its authorized distributors.

   b.     Any advertisements or instructions provided by Defendant in connection with the marketing of Magna RX+® will conspicuously provide that the correct dosage is two pills per day and that one bottle (60 pills) is equal to a 30-day supply.

   c.     Defendant will not make any claims or statements regarding the capabilities or properties of Magna RX® (or the other products identified in Exhibit A) unless the claims regarding such products have either been approved in advance by Magna-RX or are supported by independent clinical research satisfactory to Magna-RX.  To ensure compliance with this requirement, Defendant will provide Magna-RX with a copy of any advertisement, Internet page, brochure, or other advertisement document in which Magna RX+® or the other products listed in Exhibit A are mentioned prior to its initial publication or distribution.  Magna-RX will be deemed to have approved Defendant's advertising content unless it gives Defendant written notice of a challenge or complaint within five (5) business days after it is received.

3

   d. Defendant will indemnify Magna-RX and hold it harmless from any claims, causes of action, or liabilities, including any claim for litigation costs or attorneys' fees, that may be asserted against Magna-RX by any purchaser or end user as a result of any misrepresentations or false claims made by Defendant in connection with the advertisement and/or sale of Magna RX+® or the other products identified in Exhibit A. Defendant's indemnification obligation will survive the termination of this Agreement.

  5. In the event that Defendant purchases MAGNA RX+ Herbal Supplement pursuant to Paragraph 4 after the date of entry of this Judgment, Magna-RX, Inc. shall have the right, at its own expense and upon reasonable prior notice to Defendant, to have an audit conducted of the books and records of Defendant during normal business hours, by a certified public accountant, to verify the correctness and accuracy of the sales, distribution, and inventory relating to the MAGNA RX+ Herbal Supplement Products, payments, royalties, and any reports contemplated by this Judgment. Defendant shall make available for inspection and copying whatever records and information are reasonably required by the certified public accountant to conduct such an audit.

  6. Defendant shall keep, maintain and preserve complete and accurate books of account and records including, without limitation, invoices or computer printouts covering all transactions relating to the sale and distribution of the MAGNA RX+ Herbal Supplement Products after the date of entry of this Judgment.

  7. The exercise by Magna-RX, Inc. in whole or in part at any time or times of the right to audit records and accounts or of any other right herein granted, the acceptance by Magna-RX, Inc. of any statement or statements or the receipt and deposit by Magna-RX, Inc. of any payment tendered by or on behalf of Defendant shall be without prejudice to any rights or remedies of Magna-RX, Inc. and shall not estop or prevent Magna-RX, Inc. from thereafter disputing the accuracy of any such statement or payment.

  8. Except for any matters arising out of a violation of this Final Consent Judgment or the parties' separate Settlement and Non-Exclusive License Agreement, Magna-RX, Inc. does hereby release Defendant including any parents, predecessors, subsidiaries, divisions or associated organizations, and also including any of its present officers, employees, agents, attorneys, servants, and/or representatives, from any and all actions and causes of action, claims, demands, damages,

1 attorneys' fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted, whether known or unknown, that Magna-RX, Inc. has or may have against Defendant.

9. Except for those obligations arising under the parties' separate Settlement and Non-Exclusive License Agreement, Defendant does hereby release Magna-RX, Inc. including any subsidiaries, divisions or associated organizations, and also including any of its present officers, employees, agents, attorneys, servants, and/or representatives, from any and all actions and causes of action, claims, demands, damages, attorneys' fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted, whether known or unknown that Defendant has or may have against Magna-RX, Inc.

10. Each party shall bear its own attorneys' fees and costs associated with this action.

11. The prevailing party shall be entitled to allowable costs and reasonable attorney fees associated with any action to enforce this Final Consent Judgment, or any action arising out of a violation of this Final Consent Judgment.

12. This Final Consent Judgment shall bind and inure to the benefit of all Parties hereto, and all their assigns and successors in interest.

13. Upon entry of the Final Consent Judgment, the Complaint in this action shall be dismissed with prejudice as to Defendant Herbal Groups, Inc.

Dated this 9th day of January, 2008.

_____
Earl H. Carroll
United States District Judge