**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Magna-RX, Inc., | No. CV 05-3545-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Troy Holley; Amy Chen; ES Online, Inc.; Harold Allen; Innovative Nutraceuticals Corp.; Intela Marketing, LLC; Robert Sefaradi; and Daniel Shaw, | |
| Defendants. | |

On September 26, 2008, Plaintiff filed a "Motion for Entry of Default Judgment Without Hearing" against Defendants Troy Holley, Amy Chen, ES Online, Harold Allen, Innovative Nutraceuticals Corp., Intela Marketing, LLC, Robert Sefaradi, and Daniel Shaw (collectively "Default Defendants"). (Dkt. 488.) The Clerk has entered default against all of the Default Defendants. (Dkts. 226–230, 357, 358, & 482.) The Court issued an Order setting Plaintiff's motion for a hearing to determine the damages, if any, to be awarded against the Default Defendants, and whether an injunction should be issued as requested. (Dkt. 490.) A Default Judgment Hearing was held on November 6, 2008. (Dkt. 492.)

**I.      Plaintiff's Motion for Default Judgment**

Plaintiff's Motion for Default Judgment requests statutory damages and injunctive relief against the Default Defendants with respect to Plaintiff's claims of trademark and

copyright infringement.[1] Plaintiff requests statutory damages for trademark and copyright infringement, pursuant to 15 U.S.C. § 1117(c) and 17 U.S.C. § 504(c)(1). Plaintiff alleges that the Default Defendants have infringed upon its Magna RX+® trademark and three copyrighted photographs. Plaintiff argues that "[p]resumably, each Defaulting Defendants profited significantly from selling their counterfeit product under the name Magna RX+." (Dkt. 488 at 4.)

Plaintiff requested an award of statutory damages of $25,000 for trademark infringement and $25,000 for copyright infringement, totaling $50,000, against each Default Defendant. Plaintiff alleged that: "By failing to file a responsive pleading, the Default Defendants have essentially admitted all of the allegations contained in the First Amended Complaint. Accordingly, all of the factual requirements have been established to support an award of injunctive relief and statutory damages against each of the Defaulted Defendants." (Dkt. 488 at 5.) Plaintiff offered no law or additional facts in support of this assertion.

**II. Default Judgment Hearing**

The Court set Plaintiff's Motion for Default Judgment for a hearing "to determine the damages, if any, to be awarded against each individual defendant, and whether a [permanent] injunction should be issued as requested in the Motion." (Dkt. 490.) Plaintiff was given an opportunity to persuade the Court and present evidence to support its request for statutory damages and injunctive relief.

The only evidence submitted by the Plaintiff at the hearing was the testimony of Magna RX, Inc. President Stephen Moidel, copies of the Plaintiff's copyrighted photographs

---

[1]Plaintiff does not specifically request relief against the Default Defendants for its claims of Unfair Competition by Infringement of Common-Law Rights, violation of Lanham Act, and Aiding and Abetting.

- 2 -

1  and trademark,[2] copies of Plaintiff's settlement agreements with several dismissed
2  Defendants, and two cease and desist letters.

3  Plaintiff failed to provide the Court with documents that may have supported Mr.
4  Moidel's testimony and provided the Court with the best evidence. See F.R.E. 1002 (the
5  original writing is required to prove the content of a writing).  For example, Mr. Moidel
6  testified that Magna RX, Inc. generated $20,000,000 in sales over the last three years and a
7  forensic accountant determined that Magna RX generated sales in excess of $30,000,000 in
8  a prior business partnership.  Plaintiff, however, did not provide any sales documents or
9  records of the forensic accountant to support this testimony.  Also, although Mr. Moidel
10 testified that Magna RX, Inc. paid millions of dollars for marketing and advertising, Plaintiff
11 provided no documents supporting this testimony.

12 In addition, Plaintiff did not provide a record of the authorized distributors of
13 Plaintiff's products and did not submit a copy of the contract between Plaintiff and its
14 distributors that allegedly restricted their marketing and advertising of Plaintiff's products.
15 Plaintiff also did not provide any documents showing the Default Defendants' advertisements
16 and/or web sites that may have infringed upon Plaintiff's trademark or copyrights.[3]

17 The Court allowed a recess so the Plaintiff could obtain copies of the dismissed
18 Defendants' settlement agreements and copies of any letters sent to the Default Defendants.
19 Plaintiff provided copies of the settlement agreements; however, Plaintiff provided only two
20 of the alleged cease and desist letters sent to the Default Defendants.
21 / / /
22 / / /

---

[2] The photographs and trademarks were attachments to Plaintiff's Amended Complaint.  (See Dkt. 120, Exh. A-D.)

[3] Plaintiff's cease and desist letter to Harold Allen, Exhibit 5, did contain a list of the web sites operated by Mr. Allen; however, Mr. Allen was dismissed as a party to the Default Judgment hearing, as discussed below.

### III. Defendant Harold Allen

Defendant Harold Allen appeared at the Default Judgment Hearing *pro se*. Plaintiff informed the Court that the Plaintiff and Mr. Allen reached a tentative settlement agreement prior to the hearing. Plaintiff moved to defer any further action with respect to default against Mr. Allen to allow the parties to resolve their dispute through a stipulated judgment. Therefore, the hearing was vacated as to Mr. Allen.

### IV. Discussion

#### A. Default Judgment Standard

Entry of default judgment is governed by Federal Rule of Civil Procedure 55 and is left to the Court's sound discretion. Philip Morris USA, Inc. v. Catworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)). "Because granting or denying relief is entirely within the Court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered judgment. See Id. The Court may consider the following factors in exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986).

As a general rule, the factual allegations of the complaint, except those relating to damages, are deemed admitted as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The Court, however, has considerable leeway as to what it may require as a prerequisite to the entry of a default judgment, pursuant to Rule 55. The Court may conduct a hearing to enter judgment if it needs to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." F.R.Civ.P. 55(b)(2). Plaintiff is required to prove all damages sought in the

complaint, and a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." F.R.Civ.P. 54(c).

### B. Statutory Damages

"If the Plaintiff elects statutory damages the Court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." Peer Intern. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990) (citing Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)). Statutory damages may be appropriate to deter future infringements or when lost profits would be an inadequate measure of damages. Nintendo of Am. v. Dragon Pac. Int'l, 40 F.3d 1007, 1011 (9th Cir. 1994). A plaintiff "may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant." Peer Intern. Corp., 909 F.2d at 1337; Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001).

The Plaintiff has the burden of proving damages through testimony, written affidavit, or other relevant evidence. See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Although statutory damages may be awarded without proof of actual damages, "it cannot hurt and may aid the exercise of discretion to hear any evidence on the subject that has probative value." F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231 (1952). When measuring statutory damages, the Court should be guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, ...but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum]. Within these limitations the court's discretion and sense of justice are controlling..." Peer Intern. Corp., 909 F.2d at 1336 (quoting F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 232 (1952)).

Here, Plaintiff seeks statutory damages, under 15 U.S.C. § 1117(c), which states, in relevant part, that a plaintiff may elect to recover an award of statutory damages for the use

1  of a counterfeit mark "in connection with the sale, offering for sale, or distribution of goods
2  or services in the amount of... not less than $500 or more than $100,000 per counterfeit mark
3  per type of goods or services sold, offered for sale, or distributed, as the court considers
4  just..."[4]  Plaintiff also seeks damages, pursuant to 17 U.S.C. § 504(c)(1), which states, in
5  relevant part, that a plaintiff may elect to recover an award of statutory damages for all
6  copyright infringements involved in the action "in a sum of not less than $750 or more than
7  $30,000 as the court considers just."  Therefore, the Court has discretion to award between
8  $500 and $100,000 for trademark infringement and between $750 and $30,000 for copyright
9  infringement.

10      Plaintiff failed to present sufficient evidence to persuade the Court to award the
11 Plaintiff  $50,000 in statutory damages against each Default Defendant.  Plaintiff failed to
12 present any evidence at the hearing or in its motion that justified an award greater than the
13 statutory minimum.  <u>See</u>, <u>e.g.</u>, <u>TeleVideo Systems, Inc.</u>, 826 F.2d at 917(plaintiff provided
14 substantial testimony and documentary evidence and furnished the court with an extensive
15 memorandum that cited the court to the specific exhibits among the voluminous submissions
16 that would support each of their claims).  Therefore, the Court finds that the Plaintiff should
17 be awarded $500 for trademark infringement and $750 for copyright infringement, totaling
18 $1,250, against each Default Defendant.
19 / / /
20
21 **C.    Permanent Injunction**
22
---
23 [4]On October 13, 2008, 15 U.S.C. § 1117(c)(1) was amended to increase the statutory
damages range to between "$1,000" and "$200,000." Pub.L.No. 110-403, 122 Stat. 4256,
24 4259 (2008).  The Court applies a range between $500 and $100,000 because there is no
indication whether the new statutory range applies retroactively.  <u>See</u> <u>Louis Vuitton S.A. v.</u>
25 <u>Spencer Handbags Corp.</u>, 765 F.2d 966, 971 (2nd Cir. 1985) (finding that amendment to
26 treble damages provision of Section 1117 applies prospectively). Further, Plaintiff's Motion
for Default Judgment, requesting Section 1117(c) damages, cites to the unamended version
27 of the statute, setting the range between $500 and $100,000.  (<u>See</u> Dkt. 488 at 4.)
28

1    The Court may grant a permanent injunction "as it may deem reasonable to prevent
2 or restrain infringement of a copyright." 17 U.S.C. § 502(a). Similarly, the Court may grant
3 injunctions "according to the principles of equity and upon such terms as the court may deem
4 reasonable to prevent the violation of any right of the registrant of a [registered] mark..." 15
5 U.S.C. § 1116(a). "An injunction should issue only where the intervention of a court of
6 equity 'is essential in order effectually to protect property rights against injuries otherwise
7 irremediable.'" Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) (quoting
8 Cavanaugh v. Looney, 248 U.S. 453, 456 (1919)).

9    "According to well established principles of equity, a plaintiff seeking a permanent
10 injunction must satisfy a four-factor test before a court may grant such relief." eBay v.
11 Mercexchange, 547 U.S. 388, 391 (2006). Plaintiff must demonstrate: (1) that it has
12 suffered an irreparable injury; (2) that remedies available at law, such as monetary damages,
13 are inadequate to compensate for that injury; (3) that, considering the balance of hardships
14 between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public
15 interest would not be disserved by a permanent injunction. Id. The Court has discretion to
16 grant or deny permanent injunctive relief. Id. The Supreme Court "has consistently rejected
17 invitations to replace traditional equitable considerations with a rule that an injunction
18 automatically follows a determination that a copyright has been infringed." Id. at 392-93
19 (citing New York Times Co. Inc., v Tasini, 533 U.S. 483, 505 (2001)).

20    Plaintiff's motion fails to satisfy the four-factor test set forth in eBay. Plaintiff's
21 motion assumes that injunctive relief should automatically be issued against the Default
22 Defendants for failure to appear and answer the Complaint. Plaintiff failed to provide any
23 evidence in its motion or at the hearing that showed that it will suffer irreparable injury or
24 that the remedies available at law are inadequate. See, e.g., TeleVideo Systems, Inc., 826
25 F.2d at 917 (noting the substantial evidence submitted by the plaintiff to support its request
26 for default judgment). Plaintiff's First Amended Complaint alleges that Defendants "will
27 suffer damage to its business, reputation and goodwill and will suffer the loss of millions of
28

- 7 -

dollars in sales and profits that [P]laintiff would have made but for [D]efendants' acts." (Dkt. 120 at 15.) Factual allegations from Plaintiff's complaint alone, even admitted as true, are not sufficient to grant a permanent injunction. Plaintiff must satisfy the four-factor test in eBay. Therefore, the Court is not persuaded to grant Plaintiff's request for permanent injunctive relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment Without Hearing (Dkt. 488) is granted in part and denied in part, as follows:

**1)** Plaintiff is awarded statutory damages for copyright infringement (Count VIII), pursuant to 17 U.S.C. § 504(c)(1), in the amount of $750 against each of the following Defendants: Troy Holley, Amy Chen, ES Online, Innovative Nutraceuticals Corp., Intela Marketing, LLC, Robert Sefaradi, and Daniel Shaw.

**2)** Plaintiff is awarded statutory damages for trademark infringement (Count IV), pursuant to 15 U.S.C. § 1117(c), in the amount of $500 against each of the following Defendants: Troy Holley, Amy Chen, ES Online, Innovative Nutraceuticals Corp., Intela Marketing, LLC, Robert Sefaradi, and Daniel Shaw.

**3)** Plaintiff's request for a permanent injunction, as asserted in its Motion for Entry of Default Judgment, is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's additional claims of Unfair Competition by Infringement of Common-Law Rights (Count V), violation of Lanham Act (Count VI), and Aiding and Abetting (Count VII), to the extent asserted against Defendant Defendants, if any, are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's request for entry of judgment against Defendants Troy Holley, Amy Chen, ES Online, Innovative Nutraceuticals Corp., Intela Marketing, LLC, Robert Sefaradi, and Daniel Shaw is granted. The Court will enter separate default judgments against these Defendants consistent with this Order.

**IT IS FURTHER ORDERED** that the hearing is vacated as to *pro se* Defendant Harold Allen, as discussed at the hearing.  The Motion for Entry of Default Judgment as to Harold Allen remains before the Court, pending further ruling of the Court.

DATED this 24th day of November, 2008.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge

- 9 -